**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marco Antonio NIEBLA–OSUNA,
Defendant–Appellant.**

**No. 07–10250.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2008 *.

Filed July 30, 2008.

Beverly K. Anderson, Esq., USTU—Office of the U.S. Attorney, Evo A. Deconcini, U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Jose M. Lerma, Esq., Tucson, AZ, for Defendant–Appellant.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Marco Antonio Niebla–Osuna appeals from the 60–month sentence imposed following his jury-trial conviction for transporting illegal aliens for profit and placing life in jeopardy, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(B)(i), (a)(1)(B)(iii), and for re-entry after deportation, in violation of 8 U.S.C. § 1326(a). We have juris-diction pursuant to 28 U.S.C. § 1291, and we affirm.

Niebla–Osuna contends that the district court violated the Sixth Amendment when it increased his offense level based on conduct that was charged in the indictment, but which the jury determined had not been proved beyond a reasonable doubt. The district court did not violate the Sixth Amendment because acquitted conduct can be considered at sentencing so long as the conduct is proved by a preponderance of the evidence. *See United States v. Mercado,* 474 F.3d 654, 656–57 (9th Cir.2007).

Niebla–Osuna also contends that the district court erred when it did not grant him an additional one-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). Because the government did not move for the additional adjustment, and Niebla–Osuna has not demonstrated that refusal to file the motion was arbitrary or based on an unconstitutional motive, the district court did not err. *See United States v. Espinoza–Cano,* 456 F.3d 1126, 1134–36 (9th Cir.2006).

Finally, the district court did not abuse its discretion by imposing concurrent enhancements under U.S.S.G. §§ 2L1.1(b)(6) and 3C1.2 because the district court imposed the enhancements based on different conduct. *See United States v. Dixon,* 201 F.3d 1223, 1234 (9th Cir.2000).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.